1  Zachary M. Best, SBN 166035
   MISSION LAW FIRM, A.P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@mission.legal

5  Attorneys for Plaintiff
   Francisca Moralez
6

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  FRANCISCA MORALEZ,                        ) No.
                                              )
12          Plaintiff,                        ) **COMPLAINT ASSERTING DENIAL OF**
                                              ) **RIGHT OF ACCESS UNDER THE**
13       vs.                                  ) **AMERICANS WITH DISABILITIES ACT**
                                              ) **FOR INJUNCTIVE RELIEF, DAMAGES,**
14  POWER SUPPLY COLLECTIVE, INC. dba         ) **ATTORNEYS' FEES AND COSTS (ADA)**
    MYPOWERSUPPLY.COM; AJAY GOEL              )
15  dba CROSSFIT ENDZONE; ANDREW              )
    MALEK-ZADEH dba CROSSFIT                  )
16  ENDZONE; JAMES L EDWARDS, Trustee         )
    of the JAMES L EDWARDS TRUST;             )
17  HARVEY ROSENTHAL, Trustee of THE          )
    ROSENTHAL REVOCABLE TRUST under           )
18  Declaration of Trust dated August 10, 1999; )
    M. PHILLIP CARDOZA;                       )
19                                            )
                                              )
20          Defendants.                       )
                                              )
21                                            )
    _____  )
22
                    **I. SUMMARY**
23
        1.    This is a civil rights action by plaintiff FRANCISCA MORALEZ ("Plaintiff")
24
    for discrimination at the building, structure, facility, complex, property, land, development,
25
    and/or surrounding business complex known as:
26
            CrossFit Endzone
27          1070 Shary Circle
            Concord, CA 94518
28          (hereafter "the Facility")


*Moralez v. Power Supply Collective, Inc., et al.*
Complaint

1    2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

2    costs, against POWER SUPPLY COLLECTIVE, INC. dba MYPOWERSUPPLY.COM;

3    AJAY GOEL dba CROSSFIT ENDZONE; ANDREW MALEK-ZADEH dba CROSSFIT

4    ENDZONE; JAMES L EDWARDS, Trustee of the JAMES L EDWARDS TRUST; HARVEY

5    ROSENTHAL, Trustee of THE ROSENTHAL REVOCABLE TRUST under Declaration of

6    Trust dated August 10, 1999; and M. PHILLIP CARDOZA (hereinafter collectively referred to

7    as "Defendants"), pursuant to Title III of the Americans with Disabilities Act of 1990 (42

8    U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

9                                **II.    JURISDICTION**

10    3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

11    claims.

12    4.    Supplemental jurisdiction for claims brought under parallel California law –

13    arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

14    5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

15                                **III.    VENUE**

16    6.    All actions complained of herein take place within the jurisdiction of the United

17    States District Court, Northern District of California, and venue is invoked pursuant to 28

18    U.S.C. § 1391(b), (c).

19                                **IV.    PARTIES**

20    7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

21    persons), firm, and/or corporation.

22    8.    Plaintiff suffers from rheumatoid arthritis and is substantially limited in her

23    ability to walk, requiring her to use a wheelchair for mobility. Consequently, Plaintiff is

24    "physically disabled," as defined by all applicable California and United States laws, and a

25    member of the public whose rights are protected by these laws.

26                                **V.    FACTS**

27    9.    The Facility is open to the public, intended for non-residential use, and its

28    operation affects commerce. The Facility is therefore a public accommodation as defined by

*Moralez v. Power Supply Collective, Inc., et al.*
Complaint

1    applicable state and federal laws.

2         10.    Plaintiff lives approximately 20 miles from the Facility and visited the Facility

3    on or about December 29, 2016 for the purpose of picking up meals she had ordered from

4    MyPowerSupply.com, a service which offers premade meals that can be delivered to local

5    gyms for pickup by customers. Plaintiff selected the Facility as her pickup site, as it is close to

6    her home and convenient, as it is near the Costco she goes to shop and get gas for her vehicle.

7    During her visits to the Facility to pick up her meals, Plaintiff encountered the following

8    barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's

9    ability to use and enjoy the goods, services, privileges and accommodations offered at the

10   Facility:

11        a)    Plaintiff could not find any accessible parking at the Facility. She had to

12              park in a standard parking stall and leave her wheelchair ramp deployed

13              with her van door open while she went inside to pick up her meals, so

14              that no one would park next to her and obstruct the area she needed to

15              have clear in order to deploy the ramp.

16        b)    The pavement in the area where Plaintiff parked was uneven, containing

17              cracks and excessive slopes, which made it hard for her to use the ramp

18              to unload from her vehicle.

19        c)    The Facility entrance had a high threshold which was difficult for

20              Plaintiff to maneuver over.

21        d)    There were mats on the floor inside the Facility, which were hard for

22              Plaintiff to wheel over. In particular, the mat near the entrance door was

23              within the required maneuvering clearances at the door and made it very

24              difficult for Plaintiff to open the door to exit because her wheelchair got

25              stuck between the door and the mat.

26        e)    The MyPowerSupply.com meals were stored in the refrigerator on a

27              high shelf, which made it hard for Plaintiff to reach them.

28        f)    The restroom had a round door knob, which was difficult for Plaintiff to

*Moralez v. Power Supply Collective, Inc., et al.*
Complaint

1          grasp and turn.

2          g)      The coat hook in the restroom was too high for Plaintiff to reach.

3          h)      The paper towel dispenser in the restroom was too high, making it hard

4                  for Plaintiff to reach.

5          i)      The grab bars in the restroom were positioned too high, and the rear grab

6                  bar was obstructed by shelving, making it hard for Plaintiff to use the

7                  grab bars to transfer to the toilet.

8          11.     The barriers identified in paragraph 10 herein are only those that Plaintiff

9    personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

10   at the Facility and relate to her disabilities. Plaintiff will seek to amend this Complaint once

11   such additional barriers are identified as it is Plaintiff's intention to have all barriers which

12   exist at the Facility and relate to her disabilities removed to afford her full and equal access.

13         12.     Plaintiff was, and continues to be, deterred from visiting the Facility because

14   Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

15   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

16   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

17   once the barriers are removed.

18         13.     Defendants knew, or should have known, that these elements and areas of the

19   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

20   the physically disabled. Moreover, Defendants have the financial resources to remove these

21   barriers from the Facility (without much difficulty or expense), and make the Facility

22   accessible to the physically disabled. To date, however, Defendants refuse to either remove

23   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

24         14.     At all relevant times, Defendants have possessed and enjoyed sufficient control

25   and authority to modify the Facility to remove impediments to wheelchair access and to

26   comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for

27   Accessible Design. Defendants have not removed such impediments and have not modified the

28   Facility to conform to accessibility standards. Defendants have intentionally maintained the

*Moralez v. Power Supply Collective, Inc., et al.*
Complaint

1   Facility in its current condition and have intentionally refrained from altering the Facility so
2   that it complies with the accessibility standards.

3        15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is
4   so obvious as to establish Defendants' discriminatory intent. On information and belief,
5   Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere
6   to relevant building standards; disregard for the building plans and permits issued for the
7   Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the
8   Facility; decision not to remove barriers from the Facility; and allowance that Defendants'
9   property continues to exist in its non-compliant state. Plaintiff further alleges, on information
10  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the
11  Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

12  ## VI.     FIRST CLAIM

13  ### Americans with Disabilities Act of 1990

14  Denial of "Full and Equal" Enjoyment and Use

15       16.     Plaintiff re-pleads and incorporates by reference the allegations contained in
16  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17       17.     Title III of the ADA holds as a "general rule" that no individual shall be
18  discriminated against on the basis of disability in the full and equal enjoyment (or use) of
19  goods, services, facilities, privileges, and accommodations offered by any person who owns,
20  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

21       18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal
22  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the
23  Facility during each visit and each incident of deterrence.

24  Failure to Remove Architectural Barriers in an Existing Facility

25       19.     The ADA specifically prohibits failing to remove architectural barriers, which
26  are structural in nature, in existing facilities where such removal is readily achievable. 42
27  U.S.C. § 12182(b)(2)(A)(iv).

28       20.     When an entity can demonstrate that removal of a barrier is not readily

*Moralez v. Power Supply Collective, Inc., et al.*
Complaint

1  achievable, a failure to make goods, services, facilities, or accommodations available through

2  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

3  § 12182(b)(2)(A)(v).

4      21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

5  barriers at the Facility without much difficulty or expense, and that Defendants violated the

6  ADA by failing to remove those barriers, when it was readily achievable to do so.

7      22.    In the alternative, if it was not "readily achievable" for Defendants to remove

8  the Facility's barriers, then Defendants violated the ADA by failing to make the required

9  services available through alternative methods, which are readily achievable.

10                  Failure to Design and Construct an Accessible Facility

11     23.    Plaintiff alleges on information and belief that the Facility was designed and

12  constructed (or both) after January 26, 1993 – independently triggering access requirements

13  under Title III of the ADA.

14     24.    The ADA also prohibits designing and constructing facilities for first occupancy

15  after January 26, 1993, that aren't readily accessible to, and usable by, individuals with

16  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

17     25.    Here, Defendants violated the ADA by designing and constructing (or both) the

18  Facility in a manner that was not readily accessible to the physically disabled public –

19  including Plaintiff – when it was structurally practical to do so.[1]

20                  Failure to Make an Altered Facility Accessible

21     26.    Plaintiff alleges on information and belief that the Facility was modified after

22  January 26, 1993, independently triggering access requirements under the ADA.

23     27.    The ADA also requires that facilities altered in a manner that affects (or could

24  affect) its usability must be made readily accessible to individuals with disabilities to the

25  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

26  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

27  fountains serving that area accessible to the maximum extent feasible. Id.

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moralez v. Power Supply Collective, Inc., et al.*
Complaint

1    28.    Here, Defendants altered the Facility in a manner that violated the ADA and

2  was not readily accessible to the physically disabled public – including Plaintiff – to the

3  maximum extent feasible.

4                    Failure to Modify Existing Policies and Procedures

5    29.    The ADA also requires reasonable modifications in policies, practices, or

6  procedures, when necessary to afford such goods, services, facilities, or accommodations to

7  individuals with disabilities, unless the entity can demonstrate that making such modifications

8  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

9    30.    Here, Defendants violated the ADA by failing to make reasonable modifications

10  in policies, practices, or procedures at the Facility, when these modifications were necessary to

11  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

12  accommodations.

13                    Failure to Maintain Accessible Features

14    31.    Defendants additionally violated the ADA by failing to maintain in operable

15  working condition those features of the Facility that are required to be readily accessible to and

16  usable by persons with disabilities.

17    32.    Such failure by Defendants to maintain the Facility in an accessible condition

18  was not an isolated or temporary interruption in service or access due to maintenance or

19  repairs.

20    33.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

21  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

22                    **VII.    SECOND CLAIM**

23                    **Unruh Act**

24    34.    Plaintiff re-pleads and incorporates by reference the allegations contained in

25  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

26    35.    California Civil Code § 51 states, in part, that: All persons within the

27  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

28  facilities, privileges, or services in all business establishments of every kind whatsoever.

1     36.     California Civil Code § 51.5 also states, in part that: No business establishment

2 of any kind whatsoever shall discriminate against any person in this state because of the

3 disability of the person.

4     37.     California Civil Code § 51(f) specifically incorporates (by reference) an

5 individual's rights under the ADA into the Unruh Act.

6     38.     Defendants' aforementioned acts and omissions denied the physically disabled

7 public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

8 and services in a business establishment (because of their physical disability).

9     39.     These acts and omissions (including the ones that violate the ADA) denied,

10 aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

11     40.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

12 minimum damages of $4,000 for each offense.

13     41.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

14 ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

15 § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

18     42.     Plaintiff re-pleads and incorporates by reference the allegations contained in

19 each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

20     43.     Health and Safety Code § 19955(a) states, in part, that: California public

21 accommodations or facilities (built with private funds) shall adhere to the provisions of

22 Government Code § 4450.

23     44.     Health and Safety Code § 19959 states, in part, that: Every existing (non-

24 exempt) public accommodation constructed prior to July 1, 1970, which is altered or

25 structurally repaired, is required to comply with this chapter.

26     45.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or

27 repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

28 § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

*Moralez v. Power Supply Collective, Inc., et al.*
Complaint

46.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

3.     Attorneys' fees, litigation expenses, and costs of suit.[2]

4.     Interest at the legal rate from the date of the filing of this action.

5.     For such other and further relief as the Court deems proper.

Dated: February 7, 2017                                    MISSION LAW FIRM, A.P.C.


                                                           /s/ Zachary M. Best
                                                           Zachary M. Best
                                                           Attorneys for Plaintiff
                                                           Francisca Moralez

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moralez v. Power Supply Collective, Inc., et al.*
Complaint

# VERIFICATION

I, FRANCISCA MORALEZ, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  February 7, 2017          */s/ Francisca Moralez*
                                   Francisca Moralez

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                  */s/ Zachary M. Best*
                                  Zachary M. Best, Attorney for
                                  Plaintiff, Francisca Moralez

*Moralez v. Power Supply Collective, Inc., et al*
*Verification*